*Goodloe* for plaintiff.

ODENHEIMER, & TENANT<br>vs<br>DOUGLASS AND SOWARD.<br><br>intervening creditors.

---

## Odenheimer & Tenant *vs* Douglass & Soward.

ERROR TO THE SCOTT CIRCUIT.

*Petition and Summons.   Assignment.   Parties.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS action by petition and summons, was brought by Odenheimer & Tenant as the holders of a note for $100, executed by Douglass & Soward, payable one year after date, to Alanson Taylor or bearer. The petition does not set forth any written assignment or endorsement of the note by Alanson Taylor, therein named as the payee, nor does it, (and indeed it could not,) make any distinct averment of a delivery of the note to the plaintiffs, whereby they became the proprietors thereof. But this averment as prescribed in the statute giving the remedy by petition and summons, is applicable only to the 'case of the plaintiff being the holder of the note by endorsement, which *ex vi termini*, implies a written assignment in some form. The remedy is given to any person "holding a note," &c. that is, to any person having the legal title.

The petition standing in the place of a declaration, must show that the plaintiff has title to sue, that is, it must

PET. & SUM.<br><br>Case 28.<br><br>Sept. 27.<br><br>Plaintiff in petition and summons must show that he is the legal *holder of the note* sued on has the legal title thereto.<br><br>The legal title to a note payable to A. B. *or bearer*,

ODENHEIMER & TENANT
*vs*
DOUGLASS AND SOWARD.]

passes by delivery, and vests in the holder such legal title as that he may bring a petition and summons thereon, if the note be assignable.

show that he is the legal holder of the note. If his title be derivative, the act or fact which constitutes it, must, in some form be shown; where the derivation can only be made out by written assignment, as in the case of notes payable to A. B. simply, or to A. B. or order, and held by a stranger, the statute requires the petition brought by the endorsee, to set out the endorsement or assignment in the form prescribed. In other cases of derivative title, not acquired by endorsement or written assignment of the note, the form of stating the derivation of title as prescribed in the statute, is inapplicable, but the plaintiff states his title in the commencement of the petition, in setting out the character or right in which he holds the note and sues, as in the case of administrators, executors, &c. The words describing the character of the executor are regarded as a sufficient averment of all the facts by which the legal title of the note passed from A. B. the payee, to the plaintiff, describing himself as executor of A. B. deceased, because all of those facts are implied in the descriptive averment, and the form of the petition as prescribed in the statute, admits of no other averment of these facts. And so if the title of a note payable to A. B. or bearer, passes by mere delivery, so as to enable the holder, by delivery, to sue in his own name, then as the averment with which the petition commences, that the plaintiff holds a note on the defendant, implies, where the plaintiff is not the payee named in the note, that it has been delivered to him; for holding in the statute means having in possession; and as the statute prescribes no form for averring a derivative title by delivery only, it follows that the averment that the plaintiff holds the note may be deemed a sufficient averment of the fact of delivery, and should be so deemed, unless there is some reason why the party holding title by delivery only, should be precluded from suing on the note by petition, and must be turned round to his action of debt. But we see no reason for this, and therefore conclude, that if the bearer could maintain the action of debt in his own name, without any written assignment from the named payee, he may also maintain a petition and summons.

The question then is, whether the legal title to a note payable to A. B. or bearer, passes by delivery only, without writing. In other words, is the delivery of such a note an assignment of it? The note is assignable under our statute, and the assignee may sue in his own name. But how is it to be assigned so as to pass the title? According to the terms of the note itself, the bearer has a right to demand payment. Is not mere delivery then, without writing, a sufficient assignment to pass to him the legal title and right of action?

In the case of *Reese* vs *Walton*, (4 *B. Monroe*, 510,) this Court said: "So far as regards the transfer of the legal title and right of action on this instrument, (which was a common promissory note not payable to bearer,) the effect of an assignment is the same under the statute as under the mercantile law, and as the statute is silent as to the form of assignment, the mercantile law has been looked to as furnishing analogies on that point." By the principles of the mercantile law, the terms and tenor of the instrument itself, as being payable to order or to bearer, determines the mode of assignment by which the legal title is to be transferred ; and therefore, in the case of a bill or note payable to A. B. or bearer, delivery alone is regarded as an assignment which passes the legal title: *Gibbon* vs *Merit*, (1 *H. Black.* 605 ; *Chitty on Bills*, 131.) Since then our statute makes these notes assignable, conforming so far to the mercantile law, without prescribing the form or mode of assignment; we are of opinion that on the ground of analogy, and on the ground of the good sense and reason of the rule which refers to the tenor of the instrument, as determining the mode of assignment, delivery alone, without writing, should be deemed a sufficient assignment of a note payable to A. B. or bearer, so as to enable the bearer to sue as assignee, under the statute of assignments, and as holder under the statute giving the remedy by petition and summons. It will, of course, be implied that the holder suing as such, came by the note lawfully. If he did not, and it be material, his title may be impeached by plea.

Wherefore, the judgment for the defendants on their demurrer to the petition, is reversed, and the cause is re-

RAILEY, &c.    manded with directions to overrule the demurrer, and for
    *vs*
RAILEY.    further proceedings.

Sayre for plaintiffs.